**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ECP PROPERTY II LLC,                                          :
                                                             :          **AMENDED COMPLAINT**
                                    **Plaintiff,**            :
                                                             :          **14-CV-7298 (FB) (VVP)**
                                    -against-                 :
                                                             :
JOSEPH NORTON                                                 :
                                                             :
and                                                          :
                                                             :
THEMA NORTON,                                                 :
                                                             :
                                    **Defendants.**           :
-------------------------------------------------------------X


<u>**AMENDED COMPLAINT**</u>

Plaintiff, ECP Property II LLC, by undersigned counsel, complaining of the defendants,

Joseph Norton and Thema Norton, alleges as follows:

<u>**THE PARTIES**</u>

1.     ECP Property II LLC ("ECP") is a Delaware limited liability company that has its

principal place of business at 383 Inverness Parkway, Suite 390, Englewood, Colorado 80112.

The sole member of ECP is a citizen of Delaware for diversity purposes.

2.     Joseph Norton is an individual residing at 771 Thomas S. Boyland Street,

Brooklyn, New York 11212.

3.     Thema Norton is an individual residing at 771 Thomas S. Boyland Street,

Brooklyn, New York 11212.  Ms. Norton is the sole owner of Borrower (defined below).

## VENUE

4.       Venue of this action is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as Mr. Norton consented to jurisdiction in the Eastern District of New York and resides in the Eastern District of New York, and a substantial part of the events giving rise to ECP's claims against Ms. Norton occurred in the Eastern District of New York.

## JURISDICTION

5.       This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 on the grounds that this civil action constitutes a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

**The Building Loan**

6.       On August 20, 2008, Riverrock Nehemiah Realty LLC ("Borrower") and Banco Popular North America ("Banco Popular") entered into a Building Loan Agreement (the "Building Loan Agreement") and related agreements and documents that established a $1,912,341.00 commercial loan (the "Building Loan") to Borrower and otherwise to reflect certain loan agreements between the parties.  A copy of the Building Loan Agreement is annexed hereto as Exhibit 1.

7.       Borrower and Banco Popular entered into a $1,912,341.00 Building Loan Note (the "Original Building Loan Note") on August 20, 2008 that evidenced the Building Loan.  A copy of the Original Building Loan Note is annexed hereto as Exhibit 2.

8.       The Original Building Loan Note included Borrower's promise to make certain payments to Banco Popular and to perform various other obligations.

- 2 -

9.      Borrower subsequently entered into a Building Loan Note Extension and Modification Agreement (the "Building Loan Note Modification Agreement") with Banco Popular on December 8, 2010.   Among other things, the Building Loan Note Modification Agreement reduced the principal amount of the Original Building Loan Note to $1,887,583.56 and extended the maturity date of the Original Building Loan Note to March 31, 2011.  A copy of the Building Loan Note Modification Agreement is annexed hereto as Exhibit 3.

10.     Together, the Original Building Loan Note and the Building Loan Note Modification Agreement are referred to as the "Building Loan Note."

**The Project Loan**

11.     Also on August 20, 2008, Borrower and Banco Popular entered into a Project Loan Agreement (the "Project Loan Agreement") and related agreements and documents that established a $349,669.00 commercial loan (the "Project Loan") to Borrower and otherwise to reflect certain loan agreements between the parties.  A copy of the Project Loan Agreement is annexed hereto as Exhibit 4.

12.     Borrower and Banco Popular entered into a $349,669.00 Project Loan Note (the "Original Project Loan Note") on August 20, 2008 that evidenced the Project Loan.  A copy of the Original Project Loan Note is annexed hereto as Exhibit 5.

13.     The Original Project Loan Note included Borrower's promise to make certain payments to Banco Popular and to perform various other obligations.

14.     Borrower subsequently entered into a Project Loan Note Extension and Modification Agreement (the "Project Loan Note Modification Agreement") with Banco Popular on December 8, 2010.  Among other things, the Project Loan Note Modification Agreement reduced the principal amount of the Original Project Loan Note to $97,327.83 and extended the

maturity date of the Original Project Loan Note to March 31, 2011.  A copy of the Project Loan Note Modification Agreement is annexed hereto as Exhibit 6.

15.     Also on August 20, 2008, Borrower executed an Assignment of Leases and Rents (the "Assignment of Leases and Rents") in favor of Banco Popular.  Among other things, the Assignment of Rents granted to Banco Popular a lien on and security interest in all rents, revenues, income, and other benefits of certain commercial real property and improvements more fully described in the Assignment of Leases and Rents (collectively, the "Property").  A copy of the Assignment of Leases and Rents is annexed hereto as Exhibit 7.

16.     Banco Popular evidenced its interest in the Property, chattels, intangibles, rents, revenues, income and other benefits of the Property, and all proceeds of any of the foregoing, by filing a financing statement with the New York State Secretary of State, which the Secretary of State recorded on October 10, 2008 as filing number 200810100693968.  Banco Popular filed a continuation statement with the New York State Secretary of State, which the Secretary of State recorded on May 10, 2013 as filing number 201305105507770.  Copies of the financing statement and the continuation statement are annexed hereto collectively as Exhibit 8.

17.     Together, the Original Project Loan Note and the Project Loan Note Modification Agreement are referred to as the "Project Loan Note."

18.     Together, the Building Loan Agreement and the Project Loan Agreement are referred to as the "Loan Agreements."

19.     Together, the Building Loan Note and the Project Loan Note are referred to as the "Notes."

20.     Collectively, the Loan Agreements, the Notes, and all other related documents, instruments and agreements evidencing Borrower's obligations and indebtedness to Banco Popular are referred to as the "Loan Documents."

**Mr. Norton's Guaranty**

21.     By the terms of a Guaranty of Payment dated August 20, 2008 (the "Original Payment Guaranty"), Mr. Norton absolutely and unconditionally guaranteed the performance and payment of Borrower's obligations to Banco Popular.  A copy of the Original Payment Guaranty is annexed hereto as Exhibit 9.

22.     Mr. Norton subsequently executed a December 8, 2010 Reaffirmation of Guaranty of Payment (the "Reaffirmation Guaranty") in favor of Banco Popular, whereby he reaffirmed and ratified the terms and conditions of the Original Payment Guaranty and acknowledged the extensions of the maturity dates of the Building Loan Note and the Project Loan Note.  A copy of the Reaffirmation Guaranty is annexed hereto as Exhibit 10.

23.     Together, the Original Payment Guaranty and the Reaffirmation Guaranty are referred to as the "Guaranty."

**Defaults and Acceleration**

24.     The Notes matured on March 31, 2011 (the "Maturity Date").

25.     Borrower defaulted on its obligations to Banco Popular under the Notes and the Loan Agreements by, among other things, failing to pay Banco Popular all amounts due under the Loan Documents on the Maturity Date.

26.     Banco Popular, through its counsel, notified Borrower of Borrower's default and made demand upon Borrower for payment.  Copies of demand letters from Banco Popular's counsel to Borrower are annexed hereto collectively as Exhibit 11.

27.     Despite demand, Borrower failed and refused to make payment of its outstanding obligations to Banco Popular.

**Banco Popular's Assignment of the Loan Documents to ECP**

28.     By a Loan Purchase and Sale Agreement dated September 3, 2014, Banco Popular assigned to ECP all of Banco Popular's right, title, and interest in and to the Loan Documents and all amounts due thereunder.

29.     Copies of the Allonges to the Building Loan Note and the Project Loan Note are annexed hereto collectively as Exhibit 12.

30.     ECP recorded in the New York City Department of Finance, Office of the City Register, an Assignment of Leases and Rents dated September 22, 2014, assigning the Assignment of Leases and Rents from Banco Popular to ECP.  The City Register recorded the instrument as document number 2014100300379001.  A copy of the recorded instrument is annexed hereto as Exhibit 13.

31.     ECP recorded with the New York Secretary of State and with the New York City Department of Finance, Office of the City Register, financing statement amendments listing ECP as secured party.  The Secretary of State recorded the instruments as document numbers 201410238421579 and 201410238421581, and the City Register recorded the instrument as document number 2014102400685001.  Copies of these recorded instruments are annexed hereto collectively as Exhibit 14.

32.     ECP, through its counsel, notified Mr. Norton of Borrower's default under the Loan Documents and made demand upon Mr. Norton for payment under the Guaranty.  A copy of the demand letter from ECP's counsel to Mr. Norton is annexed hereto as Exhibit 15.

33.     Mr. Norton defaulted under the Guaranty by failing and refusing to pay and perform thereunder.

34.     To date, Mr. Norton remains in default under the Guaranty.

35.     Beginning in September 2014 through the present, Borrower failed and refused to remit collections of tenant rents at the Property to ECP.  Instead of remitting collections of tenant rents to ECP, ECP alleges that Ms. Norton deposited the collections of rents into bank accounts owned or controlled by Borrower or her and beyond ECP's reach.

36.     The rents represent ECP's collateral for its loans to Borrower.

37.     Section 5 of the Assignment of Leases and Rents provides that upon the occurrence of an event of default under any of the Loan Documents, Borrower shall instruct its tenants to pay all rents to ECP.  Borrower is in default of the Loan Documents as described above.  ECP notified the tenants at the Property of their obligation to make their rental payments to ECP instead of to Borrower, however the tenants failed and refused to make payment to ECP.

38.     To date, Ms. Norton has failed and refused to remit collections of rents to ECP despite demand therefor.

<u>**COUNT ONE**</u>

39.     ECP repeats and realleges paragraphs 1 through 35 herein.

40.     Mr. Norton is in default pursuant to the terms of the Guaranty.

41.     Pursuant to the Guaranty, there is due and owing to ECP from Mr. Norton as of November 26, 2014 the sum of $2,352,168.24, plus interest, costs and fees, including attorneys' fees.

42.     ECP demands judgment against Mr. Norton for his breach of contract in the amount of $2,352,168.24, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees.

### COUNT TWO

43.     ECP repeats and realleges paragraphs 1 through 39 herein.

44.     Ms. Norton failed and refused to remit collections of tenant rents at the Property to ECP, and instead deposited the collections of rents into bank accounts owned or controlled by Borrower or her and beyond ECP's reach.

45.     Ms. Norton has no right, title, claim, or interest in and to the rents, which serve as ECP's collateral for its loans to Borrower.

46.     Ms. Norton is not entitled to assert any statutory lien or other claim against the rents.

47.     Ms. Norton's refusal to turn over the rents to ECP after demand is an intentional and unlawful exercise of ownership, dominion, and control by Ms. Norton of ECP's collateral and constitutes Ms. Norton's denial and repudiation of ECP's rights to immediate and final possession of the funds.

48.      Ms. Norton knew that she did not own or have any claim to possession of the rents at the time she came into possession thereof.  Despite this, Ms. Norton refuses to pay or surrender the rents to ECP.  Ms. Norton is deliberately preventing ECP from mitigating its damages and protecting its interest in its collateral.

49.     Ms. Norton is using and consuming the funds without making payments to ECP.

50.     ECP demands judgment against Ms. Norton for her conversion in the amount of $140,681.02, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees.

**WHEREFORE:**

Plaintiff, ECP Property II LLC, demands:

1.      On the first claim against defendant Joseph Norton, judgment in the amount of $2,352,168.24, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees.

2.      On the second claim against defendant Thema Norton, judgment in the amount of $140,681.02, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees.

3.      On all claims hereunder, such other and further relief as maybe appropriate.


Dated: July 31, 2015                              **Leitess Friedberg PC**


                                                   /s/ Gordon S. Young_____
                                                  Jeremy S. Friedberg (JF-3772)
                                                  Gordon S. Young (GY-8331)
                                                  10451 Mill Run Circle, Suite 1000
                                                  Baltimore, Maryland 21117
                                                  jeremy.friedberg@lf-pc.com
                                                  gordon.young@lf-pc.com
                                                  (410) 581-7400
                                                  (410) 581-7410 (facsimile)

                                                  *Attorneys for ECP Property II LLC*