

Gordon S. Young (MD, DC, VA, PA & NY)
Tel 410.581.7407
gordon.young@lf-pc.com

April 19, 2016

*VIA CM/ECF ONLY*

The Honorable Peggy Kuo
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:   *ECP Property II LLC v. Norton*
            <u>*Case No. 14-cv-7298 (FB) (PK)*</u>

Dear Judge Kuo:

On behalf of plaintiff ECP Property II LLC ("ECP") and in advance of tomorrow morning's telephonic status conference in the referenced action, I write to advise the Court of a discovery dispute in the referenced action in accordance with Local Civil Rule 37.3(c). Defendant Thema Norton failed to respond timely or object to ECP's written discovery.

ECP served Ms. Norton with interrogatories and a request for production of documents (together, the "Discovery") on February 16, 2016 as part of its prosecution of its *Amended Complaint* [Doc. 17] against Ms. Norton.[1]  I enclose copies of *Plaintiff's First Set of Interrogatories to Defendant Thema Norton* and *Plaintiff's First Request for Production of Documents upon Defendant Thema Norton* for the Court's reference.

Ms. Norton's responses to the Discovery were due on or before March 21, 2016, yet Ms. Norton failed to respond to the Discovery by this deadline.  In an effort to obtain responses to the Discovery, I sent Ms. Norton's counsel a letter outlining the discovery dispute and requesting responses to the Discovery.  I enclose a copy of my letter to Ms. Norton's counsel for the Court's reference.  Ms. Norton's counsel did not respond to my letter.

On March 23, 2016, the Court conducted a telephonic status conference.  During the conference, Ms. Norton's counsel requested an extension of time to respond to the Discovery, and stated that she did not intend to serve discovery or take depositions on her client's behalf. The Court granted counsel's request and extended the deadline for Ms. Norton to respond to the Discovery until March 31, 2016.

To date, Ms. Norton has not responded or served objections to the Discovery.  Ms. Norton's failure to assert objections to the Discovery in a timely manner operates as a waiver of

---

[1] ECP stipulated to the dismissal of its cause of action against co-defendant Joseph Norton without prejudice [Doc. 25] on April 6, 2016.



The Honorable Peggy Kuo
United States Magistrate Judge
April 19, 2016
Page 2

any objections which she might have to the discovery under Federal Rules of Civil Procedure 33 and 34.  See, e.g., Senat v. City of New York, 255 F.R.D. 338, 340 (E.D.N.Y. 2009).

Although counsel certified to the Court the completion of fact discovery in this action, Ms. Norton's failure to respond to the Discovery remains.  ECP respectfully requests that the Court compel responses to the Discovery within five (5) days of the Court's ruling on this matter, and reserves its right to request that discovery be reopened to permit it to conduct follow-up discovery as necessary after receipt of Ms. Norton's Discovery responses.

Respectfully,

**LEITESS FRIEDBERG PC**

By:    /s/ Gordon S. Young
Gordon S. Young

GSY/gsy
Enclosures

cc: Narissa A. Joseph, Esq. (*via* CM/ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| ECP PROPERTY II LLC, | : | **FIRST SET OF** |
| | : | **INTERROGATORIES TO** |
| Plaintiff, | : | **THEMA NORTON** |
| | : | |
| v. | : | **14-CV-7298 (FB) (PK)** |
| | : | |
| JOSEPH NORTON, *et al.,* | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------X

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT THEMA NORTON

Plaintiff, ECP Property II LLC, by its attorneys and pursuant to Federal Rule of Civil Procedure 33, propounds the following interrogatories (the "Interrogatories") upon Defendant Thema Norton, to be answered in writing, under oath, within thirty (30) days of service of the Interrogatories.

### GENERAL INSTRUCTIONS AND DEFINITIONS

For the purpose of the Interrogatories, the following words shall have the definitions listed below.

1.   As used herein, the terms **"you"** or **"your"** refer to Thema Norton and include all agents, representatives, attorneys, employees, servants or other persons with authority to act on behalf of Thema Norton, regardless of actual, implied or apparent authority, and include all persons who are or may be familiar with the facts related to any Interrogatory made herein.

2.   As used herein, the term **"ECP"** refers to ECP Property II LLC and includes all agents, representatives, attorneys, officers, directors, employees, servants or other persons with authority to act on behalf of ECP Property II LLC, as well as all persons who actually acted on behalf of ECP Property II LLC, regardless of actual, implied or apparent authority, and includes all persons who are or may be familiar with the facts related to any Interrogatory made herein.

3.   All capitalized terms not otherwise defined herein shall be defined as provided in the *Amended Complaint* filed by ECP on July 31, 2015, in the United States District Court for the Eastern District of New York, Case Number 14-CV-7298 (FB) (PK) (the **"Amended Complaint"**).

256063_2

4.   These Interrogatories are continuing in character, so that if you obtain different or additional information in response to any Interrogatories you are required to file supplemental responses immediately upon obtaining such information.

5.   Wherever any term is used in the singular it should also be construed to include the plural, and *vice versa,* in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible.

6.   Wherever any gender is indicated by any term used in these Interrogatories it should be construed to include the opposite gender or neuter in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible.

7.   The use of the disjunctive "or" includes the conjunctive "and" and *vice versa*, in order that the scope of these Interrogatories shall encompass the broadest range of discoverable information possible.

8.   The term **"person"** as used in these Interrogatories includes any natural person, corporation, proprietorship, partnership, utility, union, trade association, other form of business organization, and any federal, state or local government body, committee, subcommittee, agency, or any other public or private entity whatsoever.

9.   The term **"document"** as used in these Interrogatories shall include, but is not limited to the following, whether printed or reproduced by any means or process, or written and/or produced by hand, and whether claimed to be privileged or otherwise excludable from discovery: writings; drawings; graphs; charts; photographs; computer floppy, compact, CD, DVD or fixed (hard) disks; notes; correspondence; communications of any type or nature; telegrams; memoranda; notebooks of any type or nature; summaries or interviews; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts and revisions of any material described herein; tape recordings; record and dictation recordings of any description; video tape recordings; compact disk recordings; electronic mail messages, including all attachments thereto; and any other writing of whatever description, whether stored by magnetic, optical or other media and whether contained on a computer's hard disk storage area, and other data compilations from which information can be obtained or translated, if necessary, through any device or method into reasonably readable or usable form.

10. The term **"identify"** as used in these Interrogatories shall include all of the following, as appropriate to the context in which the term appears:

(a)      When referring to a document, identification shall require you to set forth a specific description of the document and its contents, describing it by title and number, if any, and subject matter; the author or originator of the document; each addressee; all individuals designated on the document to receive a copy or otherwise known to have received a copy; the date, title and general subject matter of the document; the present custodian of each copy of the document and the last known address of each such custodian.  If any such document is in the custody of you or your agents or otherwise is available to you, you may, in lieu of describing the document, attach a copy of it to your responses to these Interrogatories, indicating the question to which the attached document is intended to be responsive.

(b)      When referring to a natural person, identification shall require you to set forth to the fullest extent possible that person's full name, present or last-known home and work

addresses, work, mobile, pager and home telephone numbers, the person's social security number, the person's employer, title or titles, and position held at the time described in the pleadings and at present.  Once you have identified that person in a response to production request, as set forth in these Instructions, it shall be sufficient thereafter in identifying that person to state his or her name.

(c)     When used with respect to any person other than a natural person, identification shall require you to set forth to the fullest extent possible the full name of such person or entity, the present or last-known address of the principal place of business of the person or entity being identified, and the individual with whom contact may be made regarding the facts and matters related to or set forth in these Interrogatories.

(d)     When used with respect to a communication, whether written or oral, identification shall require you to state whether the communication was written or oral; if written, describe the document or documents in which it was contained, and state the name of the individual who received it and the individual from whom it was received, state the place where it occurred and the names and addressees of all other persons present during the communication, the location of each party to the conversation, also stating whether any recording of the communication still exists or existed.  If such recording no longer exists, state the date on which it was destroyed and the name and address of the person who destroyed it.

(e)     When used with respect to a transaction, identification shall require you to set forth the parties to the transaction, the date of the transaction, the place or site where the transaction took place, a description of the property or thing that is the subject of the transaction and the identity of all persons who have knowledge of the transaction.

(f)     Where knowledge or information in the possession of a party is requested, such request includes not only the party's individual knowledge, but also the knowledge of the party's agents, representatives and any other person acting on his or her behalf, including accountants and attorneys.  If an assertion of privilege is made, you must nevertheless describe such knowledge or information, and identify all relevant tangible items in sufficient detail to permit the court to perform a review of the material asserted to be privileged, to determine whether and to what extent the information is privileged, and you must otherwise comply with the instructions concerning privilege, below.  When responses are made by a corporate party, you must state the names, addresses, titles, telephone numbers and last known home and office addresses of the persons supplying to information, and making any affidavit, and the source of that person's information.

11. The terms **"production/produce"** and like terms mean to bring documents or other things as requested herein to the place or places and at the dates and times stated in the Interrogatory and then and there to make such documents or things available for copying and inspection by ECP and its attorneys.

12. The terms **"relating to/relates to"** means showing, evidencing, or pertaining to.

13. If any privilege is claimed as to any document, communication or other matter referred to in these Interrogatories, you shall state the following information:

(a)     the date or approximate date when the document was prepared, or when the communication occurred;

(b)     the full name and last known business and home addresses of each person who made, wrote, signed, initialed, dictated or otherwise participated in the making of the document or communication;

(c)     the full name and last known business and residence addresses of each person who was present when the document or communication was created, prepared, or made;

(d)     the full name and last known business and residence addresses of each person to whom a copy, or copies, of the document or other item was sent or shown;

(e)     any identifying or reference number for the document, communication or file in which the item may be found;

(f)     the nature of the privilege you assert, including attorney/client and the like, and any statutes, rules or other authority upon which you base your assertion of privilege;

(g)     the full name and last known business and residence addresses of each person on whose behalf the privilege is asserted.

Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in the pleadings, motions, memoranda and affidavits and other documents filed herein, including all documents of any description constituting the record of this case and all related proceedings, until the date of your completion of the Interrogatories, subject to your ongoing duty to provide supplemental or corrective information.

### INTERROGATORIES

Interrogatory No. 1:          Identify all person(s) who participated or were consulted in answering each of these Interrogatories and identify all documents and other resources used and/or relied upon in answering each interrogatory.

Interrogatory No. 2:          Identify all persons whom you know or believe may have knowledge of any facts material to this case, and indicate for each such individual a complete and detailed description of the subject matter of their knowledge.

Interrogatory No. 3:          Identify all experts whom you expect to call as witnesses at the trial of this matter.  State the subject matter on which each such witness is expected to testify,

the substance of the facts and opinions to which each is expected to testify, and a summary of the grounds for each opinion. If they have prepared a report of their findings, attach a copy to your Answers to these Interrogatories. If any such report was oral, please state the subject matter on which each such witness is expected to testify and a summary of the grounds for each such opinion. Include in your response to this Interrogatory a complete *curriculum vitae* for each expert witness, including but not limited to date(s) of birth, areas of expertise, educational background(s), publications, honors and certifications, specialty or specialties, and state whether said expert(s) has/have been a witness in any prior or current lawsuit and, if so, for each such lawsuit, identify the parties, describe the nature of the suit, identify names and addresses of the courts in which such suit(s) was/were instituted and/or heard, the case number(s) of the lawsuit(s), the date the suit(s) was/were filed, the names and addresses of the party for whom said expert gave evidence, and a summary of the testimony provided.

Interrogatory No. 4:       With sufficient particularity to serve as the basis for a request for production of documents, identify all tangible items of any type or description which are relevant to the subject matter of this litigation, including but not limited to documents as defined herein.

Interrogatory No. 5:       If you contend that Borrower remitted collections of tenant rents at the Property to ECP, state all facts upon which you rely. Identity all persons having knowledge of such facts, and identify all documents which you allege support your contention with sufficient particularity to serve as the basis for a request for production of documents.

Interrogatory No. 6:       If you deny that you deposited collections of tenant rents at the Property into bank accounts owned or controlled by Borrower or you and beyond ECP's reach, state all facts supporting such denial. Identify all persons having knowledge of such facts, and identify all documents which you allege support your contention with sufficient particularity to serve as the basis for a request for production of documents.

Interrogatory No. 7:          If you deny that the tenant rents at the Property represent ECP's collateral for its loans to Borrower, state all facts supporting such denial. Identify all persons having knowledge of such facts, and identify all documents which you allege support your contention with sufficient particularity to serve as the basis for a request for production of documents.

Interrogatory No. 8:          If you deny that Borrower breached the Notes, the Loan Agreements or all of them, state all facts which you contend support such denial. Identify all persons having knowledge of such facts, and identify all documents which you allege support your position with sufficient particularity to serve as the basis for a request for production of documents.

Interrogatory No. 9:          If you contend that you remitted collections of tenant rents at the Property to ECP, state all facts upon which you rely. Identify all persons having knowledge of such facts, and identify all documents which you allege support your position with sufficient particularity to serve as the basis for a request for production of documents.

Interrogatory No. 10:          If you contend that you have a right, title, claim, or interest in and to the tenant rents at the Property, state all facts upon which you rely. Identify all persons having knowledge of such facts, and identify all documents which you allege support your position with sufficient particularity to serve as the basis for a request for production of documents.

Interrogatory No. 11:          If you contend that you are entitled to assert a statutory lien or other claim against the tenant rents at the Property, state all facts upon which you rely. Identify all persons having knowledge of such facts, and identify all documents which you allege support your position with sufficient particularity to serve as the basis for a request for production of documents.

Interrogatory No. 12:        Identify each and every remittance of tenant rents at the
Property that you made to ECP from September 2014 through the present, including in your
response the date, amount, means of remittance and to whom the remittance was made.

Interrogatory No. 13:        If you contend that you do not owe the amount of damages
claimed by ECP in the Amended Complaint, state all facts upon which you rely, including in your
response a calculation of the amount you claim is owed to ECP.  Identify all persons having
knowledge of such facts, and identify all documents which you allege support your contention
with sufficient particularity to serve as the basis for a request for production of documents.

Interrogatory No. 14:        State in detail the factual basis for each defense which you
raised in your *Answer* to the Amended Complaint or which you intend to raise.  Identify all
persons having knowledge of such defenses, and identify all documents which you allege support
your defenses with sufficient particularity to serve as the basis for a request for production of
documents.

Interrogatory No. 15:        State all facts supporting your contention in paragraph 3 of
your *Answer* to the Amended Complaint that the causes of action asserted in the Amended
Complaint are barred in whole or in part by the doctrine of laches.

Interrogatory No. 16:        State all facts supporting your contentions in paragraph 4 of
your *Answer* to the Amended Complaint that "the debt was listed as a 'charge off' or uncollectible
debt and sold to Plaintiff for pennies on the dollar.  The entity charging off[f] the debt benefited by
way [of] a federal and/or state tax savings and incentive.  To grant Plaintiff['s] cause of action
would unjustly enrich the charging off agency and to the Plaintiff[.]"

Interrogatory No. 17:        State all facts supporting your contentions in paragraph 5 of
your *Answer* to the Amended Complaint that "[s]ervice of the Complaint herein was not made on
Defendants and was not accomplished in the manner required by law, as such Plaintiff lacks
personal jurisdiction over Defendants."

Interrogatory No. 18:         If you contend that ECP breached any agreement or contract with you, whether oral or written, state all facts upon which you rely.  Identify all persons having knowledge of such facts, and identify all documents which you allege support your contention with sufficient particularity to serve as the basis for a request for production of documents.

Interrogatory No. 19:         Identify all written or oral communications between you and ECP or any other person concerning or relating to performance of the Loan Documents, the Assignment of Leases and Rents, or all of them.

Interrogatory No. 20:         Identify, with specificity, any statements, admissions, or actions by ECP or any of its representatives which you claim support any denial, defense, claim, or allegation in your *Answer* to the Amended Complaint.  Identify (a) the person making the statement, admission, declaration, or action; (b) all persons who witnessed the statement, admission, declaration, or action; (c) the time, date and location of such statement, admission, declaration, or action; (d) the substance of the statement, admission, declaration, or action; and (e) all documents or oral communications relating to such statement, admission, declaration, or action.

**Leitess Friedberg PC**

_____/s/ Gordon S. Young_____
Jeremy S. Friedberg (JF-3772)
Gordon S. Young (GY-8331)
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)
jeremy.friedberg@lf-pc.com
gordon.young@lf-pc.com

*Attorneys for ECP Property II LLC*

256063_2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ECP PROPERTY II LLC,                              :
                                                  :       **FIRST REQUEST FOR**
                      Plaintiff,                  :       **PRODUCTION OF**
                                                  :       **DOCUMENTS PROPOUNDED**
v.                                                :       **UPON THEMA NORTON**
                                                  :
JOSEPH NORTON, *et al.*,                          :       14-CV-7298 (FB) (PK)
                                                  :
                      Defendants.                 :
-------------------------------------------------------------X

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### PROPOUNDED UPON DEFENDANT THEMA NORTON

Plaintiff, ECP Property II LLC, by its attorneys and pursuant to Rule 34 of the Federal

Rules of Civil Procedure, propounds this request for production of documents (the "Requests for

Production of Documents") upon Defendant Thema Norton, to be answered in writing, under

oath, within thirty (30) days of service of the Requests for Production of Documents.

#### GENERAL INSTRUCTIONS

(1)     In providing documents responsive to these Requests for Production
of Documents, furnish all information which is available to you, including information in the
possession of your attorneys, investigators, employees, agents, or representatives for you or your
attorneys, and not merely information which is within your personal knowledge.  In the event that
you can not provide the requested documents after discussion with your attorneys, investigators,
employees, agents, or representatives, provide any other responsive documents to the fullest extent
possible, specifying the reasons for your inability to provide the requested documents and stating
what information or knowledge you have concerning the requested documents.

(2)     These Requests for Production of Documents are continuing in
character requiring you to file supplemental responses if you obtain further or different information
before trial.  These definitions and instructions shall be construed in the broadest sense requiring
the fullest disclosure permitted under applicable law.

(3)     Where your knowledge or information or possession is requested,
such request includes knowledge of your agents, representatives and any other person acting on
your behalf, including, unless privileged, your attorneys.  When response is made by a corporation,
business organization, or other organization, state the names, addresses and titles of the persons

supplying the information, and making the affidavit, and the source of his or her information.

(4)     If any document request is objectionable, in whole or in part, state all reasons for your objection(s).

(5)     If any privilege is claimed as to any document, communication or other matter referred to in these Requests for Production of Documents, you shall state the following information:

(a)     the date or approximate date on which the document was prepared or the communication occurred;

(b)     the full name and last known business and residence addresses of each person who made, wrote, signed, initialed, dictated, transmitted, or otherwise participated in the making of the document or communication;

(c)     the full name and last known business and residence addresses of each person who was present when the document was created or prepared or communication was made;

(d)     the full name and last known business and residence addresses of each person whom a copy, or copies, of the document or other item was sent or shown;

(e)     any identifying or reference number for the document or identity of the file in which the document may be found;

(f)     the nature of the privilege asserted (i.e. attorney-client, accountant-client, etc.) and any statutes or rules which you contend support the assertion of privilege; and

(g)     the full name and last known business and residence addresses of each person on whose behalf the privilege is asserted.

## DEFINITIONS

(6)     As used herein, the terms **"you"** or **"your"** refer to Thema Norton and include all agents, representatives, attorneys, employees, servants or other persons with authority to act on behalf of Thema Norton, regardless of actual, implied or apparent authority, and include all persons who are or may be familiar with the facts related to any Request for Production of Documents made herein.

(7)     As used herein, the term **"ECP"** refers to ECP Property II LLC and includes all agents, representatives, attorneys, officers, directors, employees, servants or other persons with authority to act on behalf of ECP Property II LLC, as well as all persons who

actually acted on behalf of ECP Property II LLC, regardless of actual, implied or apparent authority, and includes all persons who are or may be familiar with the facts related to any Request for Production of Documents made herein.

(8)   All capitalized terms not otherwise defined herein shall be defined as provided in the *Amended Complaint* filed by ECP on July 31, 2015, in the United States District Court for the Eastern District of New York, Case Number 14-CV-7298 (FB) (PK) (the **"Amended Complaint"**).

(9)   The term **"person"** as used herein shall include any natural person, corporation, proprietorship, partnership, utility, labor union, trade association, other form of business organization or other organization, and any federal, state or local government body, committee, subcommittee, agency, or any other public or private entity whatsoever.

(10)   The term **"document"** and **"documents"** is defined as contemplated by the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations, and also including, but not limited to the following, whether printed or reproduced by any process, electronic, written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: writings, drawings, graphs; charts; photographs; phonograph records; blueprints; books; records; financial statements; forecasts; accounts; appraisals; surveys; notes; correspondence; communications of any nature; telegrams; notebooks of any character; summaries; records of personal conversations; diaries; routing slips; memoranda; reports; publications; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries or interviews; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, or translations of any document; any other writing of whatever description; tape recordings, record and dictation belts; digital recordings; diskettes; compact discs (CDs); DVD; electronic mail; facsimiles; computer programs; databases; files; computer memory, storage, or back-up devices of any kind; any information contained in any computer or in digital, electronic, or magnetic form even though not printed out, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.

(11)   The term **"identify"** includes all of the following, as the context is appropriate:

(a)   When referring to a "document", you shall describe the document by its exact name or caption or, if none, by the title by which you refer to it; describe the document by its date, or, if no date appears thereon, the date or approximate date on which the document was prepared, and all serial or other identifying number(s), letter(s), or combination thereof; identify each and every person who wrote, signed, initiated, dictated, or otherwise participated in the creation of the document; state its general subject matter; state the number of pages of the document; identify each addressee, if any, of the document, or any copy thereof; identify each person who presently has, or at any time had, custody or control of the document or any copy thereof; specify the location of any file or files where the document, or any draft or copy thereof, is normally or presently kept, and identify the custodian thereof; and state the general nature or description of the document (i.e., whether it is a letter, memorandum, handwritten notes,

minutes of a meeting, facsimile, computer back-up, etc.).  If any such document is in the custody of you or your agents or otherwise is available to you, you shall, in lieu of describing the document, attach a copy thereof to your Responses to these Requests for Production of Documents, indicating the question to which the attached document is intended to be responsive.  If any such documents are too voluminous in printed form, you shall produce those documents in electronic form, i.e., computer diskette, compact disc, DVD, or otherwise.

        (b)     When referring to a "natural person", you are required to provide, to the fullest extent possible, his or her full name; present or last known home address; any other information necessary to locate the person; his or her title or titles; by whom employed and position at the time of question; and the present or last known business address and employer of person.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

        (c)     When used with respect to any "person" other than a natural person, you are required to state, to the fullest extent possible, the full name and present or last known address of the principal place of business of the entity to be identified.

        (d)     When used with respect to a communication, whether electronic, written, or oral, you are required to state the place where the communication occurred and the medium involved; if electronic or written, identify the document or documents in which it was contained; and, if oral, give the date and substance of the communication, state the name of the individual who received it and the individual from whom it was received, and the names and addresses of other persons present during the communication, the location of each party to the conversation and state whether any transmission, recording, or back-up of the communication still exists.  If such transmission, recording, or back-up no longer exists, state the date on which it was destroyed and the name and address of the person who destroyed it.

        (12)    The terms "**relating to**" and "**relates to**" mean in any way concerning, containing, describing, referring to, evidencing, reflecting, identifying, refuting, contradicting, supporting, connected with or in any way pertaining to the subject, in whole or in part.

        (13)    Unless otherwise indicated, the documents requested include each and every document created during the periods set forth in the *Amended Complaint*.

        (14)    All capitalized terms not otherwise defined herein shall be defined as provided in the Amended Complaint.

### SPECIFIC REQUESTS

Request No. 1:     All documents which you contend support or evidence any

allegation, claim, denial, affirmative defense or defense contained or raised in your *Answer* to the

Amended Complaint or which you intend to raise in this action.

Request No. 2:       All documents supporting your contention in paragraph 3 of your *Answer* to the Amended Complaint that the causes of action asserted in the Amended Complaint are barred in whole or in part by the doctrine of laches.

Request No. 3:       All documents supporting your contentions in paragraph 4 of your *Answer* to the Amended Complaint that "the debt was listed as a 'charge off' or uncollectible debt and sold to Plaintiff for pennies on the dollar.  The entity charging of[f] the debt benefited by way [of] a federal and/or state tax savings and incentive.  To grant Plaintiff['s] cause of action would unjustly enrich the charging off agency and to the Plaintiff[.]"

Request No. 4:       All documents supporting your contentions in paragraph 5 of your *Answer* to the Amended Complaint that "[s]ervice of the Complaint herein was not made on Defendants and was not accomplished in the manner required by law, as such Plaintiff lacks personal jurisdiction over Defendants."

Request No. 5:       All documents you intend to rely upon at any hearing or trial in connection with this action.

Request No. 6:       All documents concerning, relating or pertaining to each person whom you expect to call as an expert witness at trial, including but not limited to all written reports and other documents created by such expert or reflecting such expert's views, opinions, or findings, and any and all drafts thereof, all working papers, all documents which the expert used, reviewed, referred to, or relied upon or was provided in connection with the formulation or preparation of such written reports or opinions, all documents concerning or relating to your employment of such expert (including but not limited to the engagement letter), and the resume or curriculum vitae of such expert.

**Request No. 7:**      All documents concerning, relating to, pertaining to, or mentioning the Assignment of Leases and Rents.

**Request No. 8:**      All documents, including but not limited to correspondence and notes or electronic communications, regarding, concerning, relating, referring or memorializing any communication by or between ECP, you or anyone on your behalf, and any entity concerning the Assignment of Leases and Rents.

**Request No. 9:**      All documents evidencing remittances of tenant rents at the Property to ECP in connection with the Assignment of Leases and Rents.

**Request No. 10:**      All documents evidencing, referring, or related to Borrower's bank accounts, including but not limited to account applications, signature cards, account statements from September 2014 through the present, canceled checks, and check records or images from September 2014 through the present.

**Request No. 11:**      All documents evidencing, referring, or related to your bank accounts, including but not limited to account applications, signature cards, account statements from September 2014 through the present, canceled checks, and check records or images from September 2014 through the present.

**Request No. 12:**      All documents supporting your contention, if you so contend, that Borrower did not breach the Notes, the Loan Agreements, or all of them.

**Request No. 13:**      All documents supporting your contention that you did not convert tenant rents at the Property.

**Request No. 14:**      All documents identified in, responsive to, referred to, or utilized in any manner in responding to the Interrogatories served upon you in this matter.

**Request No. 15:**      All documents identified in, responsive to, referred to, or utilized in

any manner in responding to the Requests for Admission served upon you in this case.

    <u>Request No. 16:</u>    All documents which you contend support your refusal to admit any

Request for Admission served upon you in this case.

                                 **Leitess Friedberg PC**

                                      <u>/s/ Gordon S. Young</u>
                                 Jeremy S. Friedberg (JF-3772)
                                 Gordon S. Young (GY-8331)
                                 10451 Mill Run Circle, Suite 1000
                                 Baltimore, Maryland 21117
                                 (410) 581-7400
                                 (410) 581-7410 (facsimile)
                                 jeremy.friedberg@lf-pc.com
                                 gordon.young@lf-pc.com

                                 *Attorneys for ECP Property II LLC*



Gordon S. Young (MD, DC, VA, PA & NY)
Tel 410.581.7407
gordon.young@lf-pc.com

March 22, 2016

*VIA ELECTRONIC MAIL AND FIRST-CLASS MAIL, POSTAGE PREPAID*

Narissa A. Joseph, Esquire
Law Office of Narissa A. Joseph
277 Broadway, Suite 501
New York, NY 10007
njosephlaw@aol.com

Re:     *ECP Property II LLC v. Norton, et al.*
        U.S. District Court for the Eastern District of New York, Case No. 14-cv-7298 (FB) (PK)

Dear Ms. Joseph:

      This is a good faith attempt to resolve a discovery dispute.

      On February 16, 2016, on behalf of ECP Property II LLC, I served your clients, Joseph Norton and Thema Norton (together, the "Defendants"), with *Plaintiff's First Set of Interrogatories to Defendant Joseph Norton* and *Plaintiff's First Request for Production of Documents Propounded upon Defendant Joseph Norton* and *Plaintiff's First Set of Interrogatories to Defendant Thema Norton* and *Plaintiff's First Request for Production of Documents upon Defendant Thema Norton*, respectively (collectively, the "Discovery"). The Defendants' responses to the Discovery were due on or before March 21, 2016. I have not received any responses to the Discovery.

      The Defendants are directed to respond fully and completely to the Discovery. If I do not receive complete responses to the Discovery by the close of business on Friday, March 25, 2016, I will file a motion to compel responses to the Discovery and will seek sanctions and an award of attorneys' fees and costs for the Defendants' failures to respond timely and completely to the Discovery.

Sincerely,

**LEITESS FRIEDBERG PC**

By: _____
Gordon S. Young

GSY/gsy